IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
————————————————————
                              :
NASIR SALAAM,                 :      HON. JEROME B. SIMANDLE
                              :
              Plaintiff,      :      Civil No. 08-1248 (JBS)
                              :
     v.                       :
                              :          **OPINION**
WARDEN GARY Merlin, et al.,   :
                              :
              Defendants.     :
                              :
————————————————————
```

APPEARANCES:

Mr. Nasir Salaam
Atlantic County Justice Facility
5060 Atlantic Ave
Mays Landing, NJ 08330
     Plaintiff <u>Pro Se</u>

Donna M. Taylor, Esq.
ATLANTIC COUNTY LAW DEPARTMENT
1333 Atlantic Avenue, 8th Floor
Atlantic City, NJ 08401
(609) 343-2279
     Attorney for Defendant Warden Gary Merline

Maria Lynn Draucikas, Esq.
CLAUSEN MILLER, LLP
1 Gatehill Drive, Suite 203
Parsippany, NJ 07054
     Attorney for Defendant CFG Health Systems, LLC

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

This matter is before the Court on an unopposed summary
judgment motion by CFG Health Systems, LLC [Docket Item 38], and
an unopposed summary judgment motion by Warden Gary Merline and

unidentified corrections officers.[1]  [Docket Item 40.]  For the reasons explained in today's opinion, the motion by CFG Health Systems, LLC will be granted in full and the motion by Warden Merline will be granted with respect to any deliberate indifference claim, but otherwise denied.

## II.  BACKGROUND

Plaintiff Nasir Salaam is incarcerated at the Atlantic County Justice Facility, and proceeding without a lawyer.  He filed this action against Warden Gary Merline, unidentified corrections officers, and an entity identified as "Medical Provider," and later discovered to be CFG Health Systems, LLC ("CFG").  According to the Complaint, on September 9, 2007, Plaintiff was beaten without provocation by prison officers.  As a result of this beating, Plaintiff alleges, he suffered back pain for ninety days which CFG allegedly refused to treat as part of an institutional practice of non-treatment.  Plaintiff claims that the unprovoked beating and failure to treat him constitute violations of the Eighth Amendment's prohibition on cruel and unusual punishment.[2]

---

[1]  CFG Health Systems, LLC was pled as "Medical Provider," and Warden Merline was pled as "Warden Gary Merlin."

[2]  The Court previously determined that the allegations contained in the Complaint were sufficient to allege the requisite deliberate indifference to a serious medical need with respect to CFG.  [Docket Items 29 and 30.]

2

In the present summary judgment motion, CFG argues, among other things, that Plaintiff's deposition testimony contradicts the Complaint by stating that he was treated but merely disagreed with the prison doctor about what treatment was necessary.  The other defendants, the Warden and unidentified prison officers, maintain that Plaintiff has failed to adduce evidence necessary to support an Eighth Amendment claim against them because any force used by the prison officers against Plaintiff during the encounter was minor, and there is no evidence of deliberate indifference on the part of these defendants.  Additionally, they contend that Plaintiff failed to exhaust his administrative remedies, that any claims against these defendants in their official capacity must be dismissed under the Eleventh Amendment, and that the individuals in their personal capacities are protected by qualified immunity.

## III.  DISCUSSION

### A.  Standard of Review

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  Summary judgment will not be denied based on mere allegations or denials in the pleadings, instead, some evidence must be produced to support a material

3

fact.  United States v. Premises Known as 717 S. Woodward Street,
Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).  Where the
nonmoving party bears the burden of persuasion at trial, the
moving party may be entitled to summary judgment merely by
observing that there is an absence of evidence to support an
essential element of the nonmoving party's case.  Celotex Corp.
v. Catrett, 477 U.S. 317, 325 (1986).

     The nonmoving party's failure to respond to the motion does
not mean summary judgment is warranted.  See Anchorage Assocs. v.
Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir.
1990).  The Court must still determine, even for an unopposed
summary judgment motion, whether the motion sets out facts such
that granting it is "appropriate," as required by Rule 56(e)(2),
Fed. R. Civ. P.  Id. at 176.  Failure to oppose the motion does
mean, however, that the Court "will accept as true all material
facts set forth by the moving party with appropriate record
support."  Id. at 175.


     **B.  Deliberate Indifference Claims**

     The Eighth Amendment's proscription against cruel and
unusual punishment makes it unlawful for prison officials to act
with deliberate indifference to prisoners' serious medical needs.
See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  To state a
valid claim under the Eighth Amendment, a "prisoner must allege

4

acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.  Deliberate indifference exists when "[a] prison official:  (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  See also Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993) (deliberately delaying diagnosis to avoid providing care constitutes deliberate indifference).

Although Plaintiff's Complaint stated a claim under this standard as against CFG, the evidence of record does not support that claim.  Plaintiff's Complaint alleged that his request for treatment was denied outright as part of an institutional practice of improperly withholding medical care and that Defendants put off treating medical needs for weeks.  However, Plaintiff testified in his deposition that all that CFG did wrong was, when told about Plaintiff's "scoliosis and everything," that it declined to give him pain relievers.  (Pl.'s Dep., Sept. 24, 2009, 76:1-77:1.)  And CFG submits an affidavit of the nurse who treated Plaintiff on the day of the altercation, in which she declares under penalty of perjury that Plaintiff denied having any pain or discomfort, and that she found no signs of symptoms of injuries in need of treatment.  (Pappas Decl. ¶ 2-4.)

Additional evidence submitted by CFG indicates that when health
care workers subsequently attempted to treat Plaintiff, he
refused treatment.   Because Plaintiff has adduced no evidence to
the contrary, this evidence is sufficient to entitle CFG to
summary judgment.   At most, Plaintiff merely disagreed with the
content of the medical treatment offered to him in good faith,
which is insufficient to state an Eighth Amendment claim against
CFG.  See White v. Napoleon, 897 F.2d 103 (3d Cir. 1990)
(explaining that disagreement with nature of treatment is
insufficient).[3]   Therefore, summary judgment will be granted in
favor of CFG.   To the extent that this claim is also brought
against the other Defendants, they are also entitled to summary
judgment based on the lack of evidence adduced by Plaintiff to
support the claim.


   C.  **Excessive Force Claim**

        1.  Eighth Amendment Standard

     Whether force used against a prisoner was excessive depends
on "whether force was applied in a good faith effort to maintain
or restore discipline or maliciously and sadistically for the
very purpose of causing harm."  Giles v. Kearney, 571 F.3d 318,

---

     [3]   Because the Court finds that CFG has shown that there is
no genuine issue as to any material fact with regard to
Plaintiff's Eighth Amendment claim against CFG, the Court does
not reach the other defenses raised by CFG.

326 (3d Cir. 2009) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)).  In assessing whether the force used was appropriate, the Court considers the need for the application of force and its relationship to the amount of force used as well as the injury inflicted.  <u>Id.</u>

According to Plaintiff's testimony, he was sitting in a common area when there was an incident involving a corrections officer who claimed an inmate had tried to punch him.[4]  (Pl.'s Dep. 22:16-25.)  The inmates were ordered to return to their cells and lock themselves in.  (<u>Id.</u> at 29:11-17.)  Plaintiff's cell was locked, so he went to another cell and locked himself in.  (<u>Id.</u> at 30:7-25.)  Some inmates did not return to their cells, and apparently caused some degree of disruption which Plaintiff did not witness.  (<u>Id.</u> at 31:15-32:5.)  Eventually, a Special Emergency Response Team ("SERT") of officers was sent in to restore order.  (<u>Id.</u> at 39:13-19.)  At some point the sprinklers had gone off, possibly as a result of chemical gas fired into the unit.  (<u>Id.</u> at 47:6-21.)  Once they had the situation outside the cells under control, two SERT officers came to the cell in which Plaintiff was locked and ordered Plaintiff and the three other occupants to lie on the ground with their

---

[4]  The only evidence that these Defendants submit in support of their motion is Plaintiff's deposition, and the Statement of Undisputed Material Facts is merely a summary of the relevant allegations in the Complaint and Plaintiff's deposition testimony.

hands behind their backs, an order with which they all complied. (Id. at 42:18-44:24.)  The SERT officers then handcuffed the inmates, and proceeded to slide them on their bellies out from the cell.  (Id. at 45:4-47:7.)

Plaintiff testified that when they slid the inmates out from the cell, they slid them face-first into the metal railing outside the cell and they could not protect themselves from it because they were handcuffed; when this happened to him, he was struck hard enough to have a swollen bump on his forehead.  (Id. at 51:2-25.)  Plaintiff also testified that the officers stomped on his back three or four times, causing him pain.[5]  (Id. at 52:7-54:25.)

Defendants do not argue that there was any need for the SERT officer to slide Plaintiff's face into the metal pole or stomp on his back or that these acts were not deliberate.  Instead, they argue that even if they intentionally used gratuitous force against Plaintiff, they did not sufficiently injure him as to give rise to a claim.  They maintain that a sufficiently minimal infliction of injury is enough to negate an excessive force claim under the Eighth Amendment regardless of the lack of any justification for the force.  This proposition is incorrect.

_____

[5]  Defendants mischaracterize this testimony regarding stomping in their Statement of Material Facts.  They conflate the stomping with the testimony that the officers walked across the backs of the prisoners, even though Plaintiff is careful to distinguish the two acts.

In support of this argument, Defendants rely on a number of
district court cases and the decisions of other circuits.  But
none of these cases stands for the proposition that the Eighth
Amendment does not prohibit the wanton infliction of pain so long
as no significant injuries are incurred.  And even if they did,
they would be clearly erroneous.  In Hudson v. McMillian, 503
U.S. 1, 9-10 (1992), the Supreme Court found that unlike
conditions-of-confinement claims and deliberate indifference
claims, which both require conduct exceeding a certain threshold
of depravity, claims of excessive force need not meet any
particular threshold of harm.  Id. at 9.  This is because, "in
the excessive force context, society's expectations are
different.  When prison officials maliciously and sadistically
use force to cause harm, contemporary standards of decency always
are violated.  This is true whether or not significant injury is
evident." Id. (emphasis added).  As Defendants point out, the
Supreme Court added that not "every malevolent touch by a prison
guard gives rise to a federal cause of action." Id.  But this is
because not every malevolent touch constitutes a capricious
infliction of pain.  As indicated by the cases the Supreme Court
cites for this proposition, the court was distinguishing
excessive force from mere battery, which applies to any unwanted
touching, even that which does inflict pain.  See Johnson v.
Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

9

As the Third Circuit has repeatedly explained, "the Eighth Amendment analysis must be driven by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002) (citations omitted). "Requiring objective or independent proof of minor or significant injury would ignore this teaching and place protection from injury, instead of protection from wanton force, at the hub of the Eighth Amendment." Id. See also Brooks v. Kyler, 204 F.3d 102, 108 (3d Cir. 2000); Rhodes v. Robinson, 612 F.2d 766, 771 (3d Cir. 1979). In each case, courts must examine the necessity of the force in addition to the extent of the injury to determine whether the force was used maliciously to cause harm. Smith, 293 F.3d at 649 ("[D]e minimis injuries do not necessarily establish de minimis force.").

The Eighth Amendment prohibits the wanton infliction of pain upon a prisoner, regardless of whether that use of force results in visible injury. Id. On the facts of Smith, the Court of Appeals concluded, "Punching and kicking someone who is handcuffed behind his back and under the control of at least six prison guards as he is being thrown into cabinets and walls is 'repugnant to the conscience of mankind,' absent the extraordinary circumstances necessary to justify that kind of force." Id. at 649-50. Similarly, in this case, sliding Plaintiff's face into a metal pole causing swelling and stomping

10

on his back while he was handcuffed and compliant, is excessive force in the absence of any explanation for this infliction of pain.[6]

Although it is unusual to deny an unopposed motion, it is not "appropriate" to grant summary judgment on the excessive force claim.  This is true because, as noted above, the evidentiary materials submitted by the moving Defendants themselves contain admissible evidence — including Plaintiff's sworn testimony of how the stomping, dragging, and striking the railing occurred — that raises genuine issues of material fact. This circumstance was foreseen by the drafters of the original Rule 56(e), Fed. R. Civ. P., which survives unchanged in this respect in Rule 56(e)(2), where the Advisory Committee on Civil Rules noted the circumstances in which granting unopposed summary judgment might be inappropriate, stating:  "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."  Notes of the Advisory Committee (1963 amdt.).  Accordingly, the summary judgment motion will be denied as to the sufficiency of the evidence to support Plaintiff's claim of excessive use of force.

---

[6]  Of course, the Court does not find that this is actually what occurred.  But on this motion for summary judgment, the record evidence must be viewed in favor of the nonmoving party. Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## 2.  Exhaustion of Administrative Remedies

Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to his Eighth Amendment claim, as required by 42 U.S.C. § 1997e.  However, Defendants submit no evidence, not even an affidavit, suggesting that Plaintiff failed to exhaust his administrative remedies. Exhaustion is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 216 (2007); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).  The burden of proving this affirmative defense therefore rests on Defendants, and so they are not entitled to summary judgment on this basis because they did not adduce any evidence to support their defense.

## 3.  Sovereign Immunity

A suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).[7]

_____

[7] Although the Eleventh Amendment can be abrogated by Congress pursuant to Congress's power under the Fourteenth Amendment, Seminole Tribe v. Florida, 517 U.S. 44, 59 (1996), Congress did not abrogate sovereign immunity with the passage of the Civil Rights Act of 1871, 42 U.S.C. §§ 1981-1988, or its subsequent amendments. Quern v. Jordan, 440 U.S. 332, 341-45 (1979).

Generally speaking, officials employed by counties and other political subdivisions are not protected by the Eleventh Amendment.  Febres v. Camden Bd. of Educ., 445 F.3d 227, 229 (3d Cir. 2006).  Some entities may be entitled to immunity, however, if deemed an arm of the state.  Febres, 445 F.3d at 229.  Whether the entity is an arm of the state is assessed based on: (1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy.  See Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001).

The Third Circuit Court of Appeals treats Eleventh Amendment immunity as an affirmative defense, placing the burden of proving applicability on the party asserting it.  See Carter v. City of Philadelphia, 181 F.3d 339, 347 (3d Cir. 1999).  Here, Defendants make no assertions of fact with respect to any of the factors necessary for determining the applicability of Eleventh Amendment immunity to employees of the Atlantic County Justice Facility. Summary judgment on this basis is therefore inappropriate.


4. Qualified Immunity

Defendants are protected by qualified immunity if they "made a reasonable mistake about the legal constraints" on their actions.  Curley v. Klem, 499 F.3d 199, 206-07 (3d Cir. 2007) (internal quotations and citations omitted).  A mistake is not

13

reasonable when it amounts to the violation of a "clearly established" right, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Curley</u>, 499 F.3d at 207 (internal quotations and citations omitted).

Defendants argue that "reasonable officers in defendants' (unknown S.E.R.T. team members) position could have believed that any force utilized when protecting themselves from the prisoners' assault were within the bounds of appropriate responses." (Def.'s Br., 13.)  This proposition is no doubt true with respect to force used to protect themselves from prisoners' assault, but there is no assault coming from Plaintiff in this case.  The only evidence in the record shows Plaintiff to be completely compliant.

The proper question for assessing qualified immunity is whether reasonable corrections officers could have believed that it was lawful to slide Plaintiff's face into the metal bars and stomp on his back for no apparent reason.  They could not have believed this was lawful under the clearly established law.  As set forth above in Part III.C.1, the Third Circuit has unequivocally rejected the proposition that "a prisoner could constitutionally be attacked for the sole purpose of causing pain as long as the blows were inflicted in a manner that resulted in visible (or palpable or diagnosable) injuries that were de

14

minimis."  <u>Brooks v. Kyler</u>, 204 F.3d 102, 108 (3d Cir. 2000).
Because Defendants have proffered no explanation whatsoever for
the force to which Plaintiff testified he was subjected, they
should have known their conduct was unlawful even though
Plaintiff's injuries were minor.   They are therefore not entitled
to qualified immunity.

IV.   **CONCLUSION**

   Plaintiff's deposition clearly shows that Defendant CFG is
entitled to summary judgment because Plaintiff was treated, but
merely disagreed with the nurse's diagnosis.   The deposition also
shows facts from which a jury could find that Plaintiff was
subjected to the kind of wanton infliction of pain clearly
proscribed by the Eighth Amendment.   Because the Warden and the
unidentified SERT officers offer no evidence to support their
affirmative defenses, and offer no explanation for the use of
force, summary judgment with respect to those defendants is
inappropriate and therefore cannot be granted even though the
motion is unopposed.


June 18, 2010
Date

Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge