IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                              :
NASIR SALAAM,                 :
                              :
             Plaintiff,       :      Civil Action
                              :      No. 08-1248 (JBS-AMD)
      v.                      :
                              :
WARDEN GARY MERLINE, et al.,  :      ORDER
                              :
             Defendants.      :
                              :
```

This matter came before the Court at a hearing on July 18, 2011 upon the motion of Defendant in limine [Docket Item 55], filed June 30, 2011, as to which Plaintiff has filed no opposition; and

It appears, for reasons expressed at the hearing, in the presence of Nasir Salaam, Plaintiff Pro Se, and Donna Taylor, Assistant Atlantic County Counsel, that Defendant is seeking to terminate Plaintiff's case on various grounds raised in the in limine motion, and that the motion in limine should be converted into a motion for summary judgment under Rule 56 in three aspects:

1.    Defendant's motion that Plaintiff has failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act and judgment should be entered in Defendant's favor (originally Point IV of Defendant's in limine motion);

2.    Defendant's motion that Defendant Gary Merline cannot be held liable under Section 1983 due to a lack of

factual evidence against him, and that judgment should be entered in his favor (Point II of the in limine motion); and

3.   Defendant's motion to bar Plaintiff from presenting evidence against the "unidentified corrections officers S.E.R.T. team members" who have not been named as defendants, and that these unnamed parties should be dropped from this case (Point III of motion in limine).

Because these above aspects of the in limine motion are more properly regarded as a summary judgment motion, this Court will treat the motions as summary judgment motions pursuant to Rule 56(f)(3), Fed. R. Civ. P., which provides: "After giving notice and a reasonable time to respond, the court may... consider summary judgment on its own." Therefore, although Plaintiff Salaam has requested only three extra days, this Court will give him ten additional days for his filing of opposition regarding the above summary judgment motions. Mr. Salaam's opposition will be due July 28, 2011, and any reply by Defendant shall be due August 4, 2011.

With respect to the remaining aspects of Defendant's motion in limine (Points I, V, and VI), Plaintiff's time for opposition has expired but it will nonetheless be extended for ten additional days until July 28, 2011.

The record further reflects that at the hearing on July 18, 2011, Defendant presented a copy of Plaintiff's response to the Request for Admissions, which forms a basis of the motion for

2

summary judgment regarding Plaintiff's failure to file an administrative grievance, which was acknowledged by Plaintiff Salaam to be a true copy of his responses and which was marked as Exhibit D-1 at the hearing.  Plaintiff must therefore confront his own admissions with respect to failure to present an inmate grievance under the established procedure as required by the Prison Litigation Reform Act.

The trial, previously scheduled for July 18, 2011 and adjourned until July 19, 2011, will be further adjourned to a new date to be set in the event that this case survives summary judgment.

THEREFORE, IT IS, this __19th__ day of **July, 2011**, hereby

ORDERED that Defendant's motion in limine is converted to a motion for summary judgment as indicated above, as to which Plaintiff's opposing evidence must be filed with the Clerk of Court and served upon defense not later than July 28, 2011; any reply by Defendant is due August 4, 2011; and

IT IS FURTHER ORDERED that the commencement of jury trial shall be ADJOURNED from July 19, 2011 until a new date to be set, if necessary, after the summary judgment motions are determined.


 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge