```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NASIR SALAAM, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-1248 (JBS) |
| v. | |
| WARDEN GARY Merlin, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court on motions in limine [Docket Item 55] that the Court has converted to a motion for summary judgment [Docket Item 61]. The Court finds as follows:

1. At the time of the events of this case, Plaintiff Nasir Salaam was incarcerated at the Atlantic County Justice Facility. Proceeding without a lawyer, he filed this action against Warden Gary Merline, four unidentified corrections officers, and a medical provider who has since been dismissed from the action. After motion practice, what remains in this case is an Eighth Amendment excessive force claim against Warden Merline and the four still-unidentified officers based on a September 9, 2007 encounter between Plaintiff and the unidentified officers, the alleged details of which are set forth in this Court's Opinion of June 18, 2010.

2. On June 30, 2011, Defendants filed an unopposed set of

motions in limine to preclude essentially all evidence in the case on four grounds: (1) that Plaintiff failed to exhaust his administrative remedies; (2) that Plaintiff has failed to name the unidentified officers; (3) that there is no evidence of Warden Merline's involvement; and (4) that Plaintiff is barred from introducing evidence that would imply the invalidity of his convictions for rioting, and other disciplinary offenses. [Docket Item 55.]

    3.  At a hearing on July 18, 2011, the Court determined that with the possible exception of the final ground regarding evidence that would contradict Plaintiff's disciplinary convictions, these arguments are potential grounds for judgment on the pleadings or summary judgment, but are not properly within the scope of motions in limine.  See Bowers v. National Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 532 (D.N.J. 2008); Figgins v. Advance America Cash Advance Centers of Michigan, Inc., 482 F. Supp. 2d 861, 870 (E.D. Mich. 2007); Provident Life & Acc. Ins. Co. v. Adie, 176 F.R.D. 246 (E.D. Mich. 1997).  The Court therefore gave notice to Plaintiff that it would convert the first three bases to a motion for summary judgment.  Although Plaintiff's period for opposing the motions had expired, and although Plaintiff's representations in Court cast doubt on the merits of any opposition, the Court afforded Plaintiff a final opportunity to respond by filing opposition

before July 28, 2011.  [Docket Item 61.]

     4.  Plaintiff did not file opposition on the merits, but did write a letter to the Court, apparently without sending a copy to Defendants.  (The letter will be docketed with this Memorandum Opinion and Order.)  Plaintiff's letter asks that another copy of discovery documents be provided.  To the extent that this letter can be read as a request to continue the motion for summary judgment under Rule 56(d), Fed. R. Civ. P., the continuance will be denied.  The discovery in question was already provided to Plaintiff, and Plaintiff has given the Court no reason to believe that it contains evidence relevant to his claims, much less "show[n] by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" as Rule 56(d) requires.  The Court will therefore consider and rule on the summary judgment motions.

     5.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); <u>United</u>

States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). Failure to oppose the motion means that the Court may consider facts asserted by the moving party "undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2); See also Anchorage Assocs., 922 F.2d at 175. ("The court will accept as true all material facts set forth by the moving party with appropriate record support.")

  6. Congress has required that a prisoner exhaust administrative remedies before brining a civil rights suit pursuant to § 1983 that relates to conditions of confinement. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), states that "No action shall be brought with respect to prison conditions under section 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required as a prerequisite to "all suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). Whether a prisoner properly exhausted a claim is a determination made by evaluating compliance with the prison's specific grievance procedures. Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010).

  7. It is undisputed that Plaintiff failed to exhaust his administrative remedies. Plaintiff has admitted, both in

discovery and at the hearing convened by the Court, that he did not follow the Atlantic County Justice Facility's administrative procedure for filing a grievance related to the incident that occurred on September 9, 2007.  He further admits he received an inmate handbook explaining the process.

    8.  Even if Plaintiff had exhausted his administrative remedies, summary judgment would still be warranted.  Plaintiff has neither made allegations nor adduced any evidence suggesting that Defendant Merline took any action that caused Plaintiff's alleged constitutional deprivation.  And Warden Merline has averred that he was not involved in any way.  Indeed, Plaintiff stated at the July 18, 2011 hearing that he named Warden Merline as a defendant because he believed this was necessary to bring a suit related to the prison, by analogy to naming the Warden in bringing a habeas corpus action.  Because there is no supervisory liability for government officials in § 1983 actions who had no personal knowledge or involvement in the violation, Warden Merline is entitled to summary judgment.  See Monell v. Dept. of Social Services of City of Newark, 436 U.S. 658 (1978).  And a case cannot proceed to trial against unnamed defendants.  Even if these individuals have received actual notice, the Court could not enter judgment against them if they have not been properly served.  Scheetz v. Morning Call, Inc., 747 F. Supp. 1515, 1534-35 (E.D. Pa. 1990); see also Hindes v. FDIC, 137 F.3d 148, 155

5

(3d Cir. 1998) ("[F]ictitious parties must eventually be dismissed, if discovery yields no identities and that an action cannot be maintained solely against Doe defendants.") (internal quotation and citation omitted).  Those John Doe Defendants must therefore be dismissed.

    9.   Plaintiff has been given every reasonable opportunity to present evidence disputing Defendants' evidence that Plaintiff failed to exhaust his administrative remedies, and to present evidence of Defendant Merline's involvement and the identifies of the other officers.  At each opportunity, he has failed to do so, and has given clear indications that he lacks such evidence.  Consequently, the Court will enter summary judgment in favor of Defendants as to all claims.  The accompanying Order will be entered.

**September 9, 2011**             **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                       United States District Judge